# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**JAMES LEE MACK, JR., #167479**                                     **PETITIONER**

**VERSUS**                              **CAUSE NO. 3:12-CV-866-TSL-JMR**

**CHRISTOPHER EPPS, Commissioner of MDOC**                     **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Mack, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon liberal review of the petitioner's pleadings and applicable case law, the court finds as follows.

### BACKGROUND

Petitioner was convicted of capital murder and arson in the Circuit Court of Hinds County, Mississippi, on May 14, 2011. As a result, Petitioner was sentenced to serve a term of life imprisonment, without parole, plus twenty-years in the custody of the Mississippi Department of Corrections. As grounds for relief petitioner claims (1) that he is wrongfully incarcerated because his social security number is not the social security number listed in the indictment and commitment notice; (2) that the verdict was contrary to the weight of the evidence; (3) that he received ineffective assistance of counsel; and (4) that the trial court committed various errors. As relief, petitioner is requesting his immediate release from the custody of MDOC.

An order [10] was entered directing petitioner to file a written response to specifically state if he has filed a direct

appeal of his conviction, and petitioner was directed to state if he has filed any other petitions, applications, or motions with respect to his convictions and sentences in any state or federal court. In his amended petition [13], petitioner states that his direct appeal is currently pending before the Court of Appeals for the State of Mississippi. Petitioner also states that he is represented by counsel in this appeal, cause number 2011-KA-1478-COA.

## ANALYSIS

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and determined that this petition for habeas relief should be dismissed for petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available

> State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 466 (5th Cir. 2004).

Since petitioner's direct appeal is currently pending before the Court of Appeals, it is clear that he has not completed the exhaustion of his state remedies prior to filing this habeas petition. As such, this petition filed pursuant to 28 U.S.C. § 2254 will be dismissed for petitioner's failure to exhaust his available state remedies. *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011)("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

A final judgment in accordance with this memorandum opinion will be issued this date.

SO ORDERED AND ADJUDGED this the 14th day of February, 2013.


                                        /s/Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE